FILED

2012 Nov-06  PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA OSBORN, INDIVIDUALLY, and as ADMINISTRATOR OF THE ESTATE OF MICHAEL OSBORN, deceased, | ) ) ) ) ) ) |
|     Plaintiff, | ) ) |
| vs. | ) )   **Case No. 3:12-cv-01873-CLS** |
| TENNESSEE VALLEY AUTHORITY, | ) ) ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted.[1]  Plaintiff, Cynthia Osborn, the widow of Michael Osborn and administrator of his estate, alleges that defendant, Tennessee Valley Authority (TVA), wrongfully caused the death of her decedent by exposing him to benzene during his employment with TVA.[2]  Plaintiff asserts claims for

---

[1] Doc. no. 5 (Motion to Dismiss).  In the alternative, defendant moves for summary judgment "based on the fact that Mr. Osborn died on May 16, 2010," not on May 16, 2012, as the complaint alleges.  *Id.* at 2 n.1; *see also* doc. no. 1 (Complaint) ¶ 37.  Clearly, and as defendant acknowledges, *see* doc. no. 5, at 2 n.1, the 2012 date is a typographical error: the complaint was filed on May 15, 2012 and, therefore, it was logically impossible for plaintiff to allege that her husband died on May 16, 2012.

[2] Doc. no. 1 (Complaint) ¶¶ 4, 7.

negligence, strict liability, and loss of consortium.[3]  Defendant argues that: (1) the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.*, bars all of plaintiff's claims; (2) Alabama's wrongful death statute does not apply to defendant, a quasi-governmental agency of the United States; (3) the decedent's personal causes of actions abated upon his death; and (4) plaintiff's claims are barred by Alabama's statute of limitations.[4]  Plaintiff did not respond to defendant's motion.  Upon consideration, the court will dismiss plaintiff's claims.

## I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

---

[3] *Id.* ¶¶ 8, 39-48.

[4] Doc. no. 5, at 1-2.

>      To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to "state a claim to relief that
> is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570.  A claim
> has facial plausibility when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the defendant is
> liable for the misconduct alleged.  *Id.*, at 556.  The plausibility standard
> is not akin to a "probability requirement," but it asks for more than a
> sheer possibility that a defendant has acted unlawfully.  *Ibid.*  Where a
> complaint pleads facts that are "merely consistent with" a defendant's
> liability, it "stops short of the line between possibility and plausibility
> of 'entitlement to relief.'"  *Id.*, at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied).  Moreover, a court need not accept a

complaint's legal conclusions as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

As always is the case in the context of ruling upon a motion to dismiss, the

district court is required to assume that

> the facts set forth in the plaintiff's complaint are true.  *See Anza* [*v. Ideal
> Steel Supply Corp.*], 547 U.S. 451, [453,] 126 S. Ct.[1991,] 1994
> [(2006)] (stating that on a motion to dismiss, the court must "accept as
> true the factual allegations in the amended complaint"); *Marsh v. Butler
> County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth
> the facts in the case by "[a]ccepting all well-pleaded factual allegations
> (with reasonable inferences drawn favorably to Plaintiffs) in the
> complaint as true").   Because we must accept the allegations of
> plaintiff's complaint as true, what we set out in this opinion as "the
> facts" for Rule 12(b)(6) purposes may not be the actual facts.

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006)

(alterations supplied).

## II. FACTS AS ALLEGED

Plaintiff, Cynthia Osborn, is the surviving spouse of decedent, Michael Osborn, as well as the administrator of his estate.[5]  Defendant, TVA, employed decedent at its "Colbert Fossil Fuel Plant" in Tuscumbia, Alabama from 1972 to 1998.[6]  The Plant produces electricity by burning coal, a process that emits toxic pollutants, including benzene.[7]  Benzene is a known human carcinogen that has been linked to leukemia, multiple myeloma, lymphoma, and other blood disorders.[8]

Decedent worked as a janitor at the Colbert Fossil Fuel Plant from 1972 to 1974, and then as a "fuel tester" from 1974 to 1998.[9]  Decedent's position as a janitor required him to clean, repair, and maintain the Plant daily by using various solvents.[10]  Although decedent's duties as a fuel tester are not entirely clear, they did regularly expose him to benzene and coal by-products that contained benzene.[11]  As a result, decedent encountered high levels of benzene during the execution of his daily duties, as well as from products manufactured, distributed, and sold by defendant.[12]

After years of benzene exposure at the Plant, decedent developed Acute

---

[5] Doc. no. 1 (Complaint) ¶¶ 4, 7, 12.

[6] *Id.* ¶¶ 1-3.

[7] *Id.* ¶¶ 2, 5.

[8] *Id.* ¶¶ 5, 22.

[9] *Id.* ¶¶ 17-18.

[10] *Id.* ¶ 17.

[11] Doc. no. 1 (Complaint) ¶ 18.

[12] *Id.* ¶ 20.

Myeloid Leukemia (AML) and Myelodysplastic Syndrome (MDS).[13]  Specifically, decedent was diagnosed with benzene-related leukemia on February 1, 2010,[14] and died on May 16, 2010 as a result of the diseases he developed from benzene exposure.[15]

Defendant knew, or should have known, that its Colbert Fossil Fuel Plant produced benzene and other harmful pollutants.[16]  For instance, testing during decedent's employment with defendant revealed that benzene levels at the Plant exceeded permissible amounts.[17]  Moreover, the causal link between benzene exposure and the afflictions suffered by decedent is well established.[18]  Defendant knew, or should have known, about that causal relationship.[19]  Defendant knew, or should have known, of the health hazards presented by the products it manufactured, distributed, sold, supplied, transported, and used.[20]  Yet, defendant failed to warn

---

[13] *Id.* ¶ 4.

[14] *Id.* ¶¶ 18, 24-25.

[15] Doc. no. 1 (Complaint) ¶ 37. Although plaintiff pled May 16, *2012* as the date upon which Michael Osborn died as a result of AML and MDS, the court construes that event as having occurred during *2010* because: (1) the 2012 date appears to be a typographical error; (2) the 2012 date was logically impossible based on the date the complaint was filed (*i.e.*, May 15, 2012); and (3) the court takes judicial notice of the actual date of decedent's death.  *See supra* note 1; doc. no. 5-1 (Certificate of Death for Michael Osborn) ("Date of Death: May 16, 2010").

[16] *Id.* ¶ 5.

[17] *Id.* ¶ 6.

[18] *Id.* ¶¶ 22, 25-34.

[19] *Id.* ¶ 36.

[20] *Id.* ¶ 23.

decedent about the health hazards associated with benzene exposure.[21]

## III.  DISCUSSION

### A.      The Federal Employees' Compensation Action

Congress enacted the Federal Employees' Compensation Act of 1916 (FECA), 5 U.S.C. § 8101 *et seq.*, in order "to provide benefits to federal employees injured or killed in the course of performing their duties."  *Noble v. United States*, 216 F.3d 1229, 1234 (11th Cir. 2000).  "Congress amended FECA in 1949 expressly to provide that FECA is the federal employee's exclusive remedy against the federal government for on-the-job injuries."  *Id.*  FECA's "exclusive liability provision" commands that the

> liability of the United States *or an instrumentality thereof* under this subchapter or any extension thereof with respect to the injury or death of an employee is *exclusive and instead of all other liability* of the United States or the instrumentality to the employee, *his legal representative*, *spouse*, dependents, next of kin, and *any other person entitled to recover damages from the United States or the instrumentality* because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c) (emphasis supplied).  Consequently, under FECA, "a federal employee may not bring a tort suit against the Government on the basis of a work-

---

[21] Doc. no. 1 (Complaint) ¶ 36.

related injury[.]" *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 191 (1983). By enacting § 8116(c),

> Congress adopted the principal compromise — the "*quid pro quo*" — commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

*Id.* at 194. Thus, in lieu of permitting lawsuits, FECA compensates federal employees for injuries they sustain in the course of performing their job duties, *see* 5 U.S.C. § 8102, subject to certain requirements.  *See*, *e.g.*, 5 U.S.C. §§ 8119 (notice of injury or death requirement), 8121 (claim requirements), 8122 (time limitations).

## B.    Applicability of FECA to TVA

The Tennessee Valley Authority (TVA) is a corporate agency and instrumentality of the United States to which FECA applies. *See* 16 U.S.C §§ 831, 831b.  As a result, FECA is the exclusive remedy for an employee — or his "legal representative, spouse, . . . next of kin, and any other person entitled to recover damages," 5 U.S.C. 8116(c) — who seeks compensation for injuries allegedly sustained during the course of his employment with TVA.  *See Hutchins v. Tennessee Valley Authority*, 98 F.3d 602, 603-04 (11th Cir. 1996); *Heathcoat v. Potts*, 905 F.2d 367, 372 (11th Cir. 1990); *Posey v. Tennessee Valley Authority*, 93 F.2d 726, 728 (5th Cir. 1937) (FECA "is the sole remedy ordinarily available to an injured employee of

the United States[.]");[22] *see also Lunsford v. Price*, 885 F.2d 236, 240 (5th Cir. 1989) ("FECA is the exclusive remedy for TVA employees.").

Plaintiff's decedent was an employee of TVA.  Plaintiff is both the spouse and the legal representative of decedent.  Plaintiff asserts that her decedent's exposure to benzene during his employment with TVA caused decedent's injuries and, eventually, his death.  Given those "facts," FECA's exclusive liability provision bars plaintiff's claims, including her loss of consortium claim.  *See* 5 U.S.C. 8116(c); *Lockheed Aircraft Corp.*, 460 U.S. at 196 (holding that § 8116(c) governs "the rights of employees, their relatives, and *people claiming through or on behalf of them*") (emphasis supplied); *see also Swafford v. United States*, 998 F.2d 837, 841 (10th Cir. 1993) (finding FECA bars loss of consortium claim).

Moreover, although plaintiff may still have time to pursue a FECA claim,[23] federal court is not the proper place to do so.  FECA provides that

> [t]he action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is–

---

[22] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[23] *See* 5 U.S.C. § 8122(a) ("An original claim for compensation for disability or death must be filed within 3 years after the injury or death.").  However, the three year filing requirement is not the only relevant requirement. *See*, *e.g.*, 5 U.S.C. § 8119 (demanding notice be given within 30 days of injury or death).

      (1) *final and conclusive for all purposes and with respect to all question of law and fact*; and

      (2) *not subject to review* by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C. § 8128(b) (emphasis supplied).  Because the Secretary of Labor is the final arbiter of FECA, "review of any kind by a court is absolutely barred." *Heilman v. United States*, 731 F.2d 1104, 1109 (3d Cir. 1984) (citing *DiPippa v. United States*, 687 F.2d 14 (3d Cir. 1982)); *see also Cahn v. United States*, 269 F. Supp. 2d 537, 544 (D. N.J. 2003) (holding that federal courts have no jurisdiction to entertain a FECA action).  "FECA contains an unambiguous and comprehensive provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991); *see also Woodruff v. U.S. Dep't of Labor*, 954 F.2d 634, 637 (11th Cir. 1992).  Neither of the two instances in which a federal court may exercise jurisdiction over a FECA claim — "when (1) a clear statutory mandate or prohibition has been violated, or (2) there is a colorable constitutional claim," *Gilmore v. Director, U.S. Dep't of Labor*, 455 F. App'x 934, 936 (11th Cir. 2012) — are implicated in this case.  Thus, TVA's motion to dismiss is due to be granted.

## IV.  CONCLUSION

For all of the reasons stated above, the court GRANTS defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff's claims are DISMISSED with prejudice. Costs are taxed to plaintiff. The Clerk is directed to close this file.

DONE and ORDERED this 6th day of November, 2012.

_____
United States District Judge